# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JOANNE C. SCHNEIDER, *ET AL.*,** | ) | **CASE NO. 1:17-CV-01475** |
| | ) | |
| Plaintiffs, | ) | **JUDGE NUGENT** |
| | ) | |
| vs. | ) | |
| | ) | **DEFENDANTS WELLS FARGO AS** |
| **NATIONSTAR MORTGAGE, LLC, *ET*** | ) | **TRUSTEE AND NATIONSTAR** |
| ***AL.*,** | ) | **MORTGAGE, LLC'S ANSWER TO** |
| | ) | **PLAINTIFFS' COMPLAINT** |
| Defendants. | ) | |

For their Answer to the Complaint of Plaintiffs Joanne C. Schneider and Alan C. Schneider ("Plaintiffs"), Defendants Wells Fargo Bank, National Association, Successor by Merger to Wells Fargo Bank Minnesota, National Association F/K/A Norwest Bank Minnesota, National Association, as Trustee for Delta Funding Corporation Home Equity Loan Asset-Backed Certificates, Series 2000-2 ("Wells Fargo as Trustee"), improperly named in the Complaint as Wells Fargo Financial America, Inc., and Nationstar Mortgage, LLC ("Nationstar"; collectively with Wells Fargo as Trustee, "Defendants") state as follows:

## JURISDICTION AND VENUE

1.     Defendants state that ¶ 1 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

2.      Defendants state that ¶ 2 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

3.      Defendants state that ¶ 3 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

## PARTIES

4.      Defendants admit that Nationstar is registered to do business in the State of Ohio and is an indirect, wholly-owned subsidiary of a publicly-traded company, Nationstar Mortgage Holdings Inc., a Delaware corporation. Defendants deny any further allegations in ¶ 4 of the Complaint.

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 5 of the Complaint.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 6 of the Complaint.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 7 of the Complaint.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Complaint.

9.      Defendants state that ¶ 9 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

10.     Defendants state that ¶ 10 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

11.     Defendants state that ¶ 11 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

12.     Defendants state that ¶ 12 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

13.     Defendants state that ¶ 13 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

14.     Defendants state that ¶ 14 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

## FACTS

15.     Defendants state that Exhibit "A" speaks for itself, and deny any and all allegations contained in ¶ 15 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

16.     Defendants state that ¶ 16 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

3

17.     Defendants state that Exhibit "B" speaks for itself, and deny any and all allegations contained in ¶ 17 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

18.     Defendants state that ¶ 18 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

19.     Defendants state that Exhibit "C" speaks for itself, and deny any and all allegations contained in ¶ 19 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

20.     Defendants state that Exhibit "D" speaks for itself, and deny any and all allegations contained in ¶ 20 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

21.     Defendants state that Exhibit "E" speaks for itself, and deny any and all allegations contained in ¶ 21 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

22.     Defendants state that ¶ 22 of the Complaint states a legal conclusion to which they are not required to respond. Defendants specifically deny that any order in the Receivership Case resulted in the freezing of all of Plaintiffs' assets in perpetuity. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

23.     Defendants state that ¶ 23 of the Complaint states a legal conclusion to which they are not required to respond. Defendants specifically deny that any order in the Receivership Case enjoined all collection activities against the Plaintiffs in perpetuity. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

24.     Defendants state that Exhibit "F" speaks for itself, and deny any and all allegations contained in ¶ 24 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

25.     Defendants state that Exhibit "F" speaks for itself, and deny any and all allegations contained in ¶ 25 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

26.     Defendants state that Exhibit "G" speaks for itself, and deny any and all allegations contained in ¶ 26 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

27.     Defendants state that Exhibit "G" speaks for itself, and deny any and all allegations contained in ¶ 27 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

28.     Defendants state that Exhibit "H" speaks for itself, and deny any and all allegations contained in ¶ 28 of the Complaint that are inconsistent with the same. To the extent

any remaining allegations require response, Defendants deny them for lack of knowledge or information.

29.     Defendants state that Exhibit "I" speaks for itself, and deny any and all allegations contained in ¶ 29 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

30.     Defendants state that Exhibit "J" speaks for itself, and deny any and all allegations contained in ¶ 30 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 31 of the Complaint.

32.     Defendants state that Exhibit "K" speaks for itself, and deny any and all allegations contained in ¶ 32 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

33.     Defendants state that Exhibit "L" speaks for itself, and deny any and all allegations contained in ¶ 33 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

34.     Defendants state that Exhibit "L" speaks for itself, and deny any and all allegations contained in ¶ 34 of the Complaint that are inconsistent with the same. To the extent

any remaining allegations require response, Defendants deny them for lack of knowledge or information.

35. Defendants state that Exhibit "M" speaks for itself, and deny any and all allegations contained in ¶ 35 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

36. Defendants state that Exhibit "M" speaks for itself, and deny any and all allegations contained in ¶ 36 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

37. Defendants state that Exhibit "N" speaks for itself, and deny any and all allegations contained in ¶ 37 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

38. Defendants state that Exhibit "O" speaks for itself, and deny any and all allegations contained in ¶ 38 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

39. Defendants state that Exhibit "Q" speaks for itself, and deny any and all allegations contained in ¶ 39 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

40.     Defendants state that Exhibit "Q" speaks for itself, and deny any and all allegations contained in ¶ 40 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

41.     Defendants state that Exhibit "Q" speaks for itself, and deny any and all allegations contained in ¶ 41 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

42.     Defendants state that Exhibit "Q" speaks for itself, and deny any and all allegations contained in ¶ 42 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

43.     Defendants state that ¶ 43 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

44.     Defendants state that Exhibit "Q" speaks for itself, and deny any and all allegations contained in ¶ 44 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

45.     Defendants state that Exhibit "R" speaks for itself, and deny any and all allegations contained in ¶ 45 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

46.     Defendants state that Exhibit "S" speaks for itself, and deny any and all allegations contained in ¶ 46 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

47.     Defendants state that ¶ 47 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

48.     Defendants state that ¶ 48 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

49.     Defendants state that ¶ 49 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

50.     Defendants admit that Wells Fargo as Trustee became successor to the noteholder for the Delta/Countrywide Mortgage and deny any remaining allegations contained in ¶ 50 of the Complaint.

51.     Defendants state that Exhibit "T" speaks for itself, and deny any and all allegations contained in ¶ 51 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

52.     Defendants state that Exhibit "T" speaks for itself, and deny any and all allegations contained in ¶ 52 of the Complaint that are inconsistent with the same. To the extent

any remaining allegations require response, Defendants deny them for lack of knowledge or information.

53. Defendants state that Exhibit "U" speaks for itself, and deny any and all allegations contained in ¶ 53 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

54. Defendants state that ¶ 54 of the Complaint states a legal conclusion to which they are not required to respond.  Defendants deny any remaining allegations contained in ¶ 54 of the Complaint.

55. Defendants state that Exhibit "V" speaks for itself, and deny any and all allegations contained in ¶ 55 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

56. Defendants state that Exhibit "W" speaks for itself, and deny any and all allegations contained in ¶ 56 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

57. Defendants state that Exhibits "X" and "Y" speak for themselves, and deny any and all allegations contained in ¶ 57 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

58. Defendants state that Exhibit "Z" speaks for itself, and deny any and all allegations contained in ¶ 58 of the Complaint that are inconsistent with the same. To the extent

any remaining allegations require response, Defendants deny them for lack of knowledge or information.

59.     Defendants state that Exhibit "A2" speaks for itself, and deny any and all allegations contained in ¶ 59 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

60.     Defendants state that Exhibit "A2" speaks for itself, and deny any and all allegations contained in ¶ 60 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

61.     Defendants state that Exhibit "B2" and Exhibits "X" and "Y" speak for themselves, and deny any and all allegations contained in ¶ 61 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

62.     Defendants state that Exhibit "B2" speaks for itself, and deny any and all allegations contained in ¶ 62 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

63.     Defendants state that Exhibit "C2" speaks for itself, and deny any and all allegations contained in ¶ 63 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

64.     Defendants state that Exhibit "D2" speaks for itself, and deny any and all allegations contained in ¶ 64 of the Complaint that are inconsistent with the same. Defendants deny that Associated Credit Services, Inc. was attempting to collect on the Delta/Countrywide Note on behalf of Wells Fargo as Trustee. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

65.     Defendants state that Exhibit "E2" speaks for itself, and deny any and all allegations contained in ¶ 65 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

66.     Defendants state that Exhibit "F2" speaks for itself, and deny any and all allegations contained in ¶ 66 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

67.     Defendants state that Exhibit "G2" speaks for itself, and deny any and all allegations contained in ¶ 67 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

68.     Defendants state that Exhibit "H2" speaks for itself, and deny any and all allegations contained in ¶ 68 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

69.     Defendants state that Exhibit "H2" and Exhibit "F2" speak for themselves, and deny any and all allegations contained in ¶ 69 of the Complaint that are inconsistent with the

same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

70.     Defendants state that Exhibit "H2" speaks for itself, and deny any and all allegations contained in ¶ 70 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

71.     Defendants state that Exhibit "H2" speaks for itself, and deny any and all allegations contained in ¶ 71 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

72.     Defendants state that Exhibit "H2" speaks for itself, and deny any and all allegations contained in ¶ 72 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

73.     Defendants state that Exhibit "I2" speaks for itself, and deny any and all allegations contained in ¶ 73 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

74.     Defendants state that Exhibit "J2" speaks for itself, and deny any and all allegations contained in ¶ 74 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

75.     Defendants state that Exhibit "K2" speaks for itself, and deny any and all allegations contained in ¶ 75 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

76.     Defendants state that Exhibit "L2" speaks for itself, and deny any and all allegations contained in ¶ 76 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

77.     Defendants state that Exhibit "L2" speaks for itself, and deny any and all allegations contained in ¶ 77 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

78.     Defendants deny the allegations contained in ¶ 78 of the Complaint.

79.     Defendants deny the allegations contained in ¶ 79 of the Complaint.

**CLAIMS FOR RELIEF**

80.     In response to ¶ 80 of the Complaint, Defendants restate their responses to the preceding allegations, as if fully rewritten herein.

81.     Defendants state that ¶ 81 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

82.     Defendants state that ¶ 82 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

83.     Defendants state that ¶ 83 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them for lack of knowledge or information.

COUNT I: Wells Fargo and Nationstar
(Fair Debt Collections Practices Act, 15 U.S.C. §1692c(a)(2)), 15 U.S.C. §1692c(c)), 15 U.S.C. §1692f(1), and U.S.C. §1692f(6)(A)(B)(C))

84.     In response to ¶ 84 of the Complaint, Defendants restate their responses to the preceding allegations, as if fully rewritten herein.

85.     Defendants deny the allegations contained in ¶ 85 of the Complaint.

86.     Defendants deny the allegations contained in ¶ 86 of the Complaint.

87.     Defendants deny the allegations contained in ¶ 87 of the Complaint.

88.     Defendants state that ¶ 88 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

89.     Defendants state that ¶ 89 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

90.     Defendants state that Exhibit "K2" speaks for itself, and deny any and all allegations contained in ¶ 90 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them.

91.     Defendants state that ¶ 91 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

92.     Defendants state that ¶ 92 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

93.     Defendants state that ¶ 93 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

94.     Defendants state that ¶ 94 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

95.     Defendants state that ¶ 95 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

COUNT II: Carlisle
(Fair Debt Collections Practices Act, 15 U.S.C. §1692c(c)), 15 U.S.C. §1692e(2)(A), 15 U.S.C.
§1692e(5)), and U.S.C. §1692f(6)(A)(B)(C)

96.     In response to ¶ 96 of the Complaint, Defendants restate their responses to the preceding allegations, as if fully rewritten herein.

97.     Defendants deny the allegations contained in ¶ 97 of the Complaint.

98.     Defendants state that ¶ 98 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

99.     Defendants state that ¶ 99 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

100.     Defendants state that ¶ 100 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

101.     Defendants state that ¶ 101 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

102.     Defendants state that ¶ 102 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

103.     Defendants state that ¶ 103 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

104.     Defendants state that ¶ 104 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

105.     Defendants state that ¶ 105 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

COUNT III: Wells Fargo and Carlisle
(Ohio Consumer Sales Practices Act, Ohio Rev. Code Chapter 1345)

106.     In response to ¶ 106 of the Complaint, Defendants restate their responses to the preceding allegations, as if fully rewritten herein.

107.    Defendants state that ¶ 107 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

108.    Defendants state that ¶ 108 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

109.    Defendants state that ¶ 109 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

110.    Defendants state that Exhibit "H2" speaks for itself, and deny any and all allegations contained in ¶ 110 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them.

111.    Defendants deny the allegations contained in ¶ 111 of the Complaint.

112.    Defendants state that ¶ 112 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

113.    Defendants state that ¶ 113 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 114 of the Complaint.

115.    Defendants state that Exhibit "M2" speaks for itself, and deny any and all allegations contained in ¶ 115 of the Complaint that are inconsistent with the same. To the extent any remaining allegations require response, Defendants deny them.

116.    Defendants state that ¶ 116 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

117.    Defendants state that ¶ 117 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

118.    Defendants state that ¶ 118 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

119.    Defendants state that ¶ 119 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

120.    Defendants state that ¶ 120 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

121.    Defendants state that ¶ 121 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

122.    Defendants state that ¶ 122 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

123.    Defendants state that ¶ 123 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

124.    Defendants state that ¶ 124 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

125.    Defendants state that ¶ 125 of the Complaint states a legal conclusion to which they are not required to respond. To the extent any remaining allegations require response, Defendants deny them.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state any claims against Defendants upon which this Court may grant relief.

2.    Plaintiffs failed to join all necessary parties.

3.    Plaintiffs are not the real parties in interest for the claims they purport to assert.

4.    Plaintiffs' claims are barred in whole or in part by their lack of standing, and/or because they otherwise lack the right or capacity to assert their claims, as a result of the Receivership Case.

5.    Plaintiffs' injuries, damages, and/or expenses, if any, were the direct and proximate result of their own acts, omissions, negligence, fault and/or breach.

6.      Plaintiffs' claims are barred by the doctrines of assumption of the risk, estoppel, waiver, release, fraud, unclean hands, res judicata, collateral estoppel and/or laches.

7.      Plaintiffs' claims of damages or liability are barred in whole or in part by their failure to mitigate such damages.

8.      Plaintiffs' claims of damages or liability are barred in whole or in part by the limitations imposed by law as to the recovery of such damages.

9.      Plaintiffs' claims of damages or liability are barred in whole or in part by the applicable statutes of limitation, statutes of repose, and other statutes relevant to the limitation of actions.

10.     Plaintiffs' claims of damages or liability are barred in whole or in part by the doctrines of ratification, consent and acquiescence.

11.     Some or all of Plaintiffs' claims of damages or liability are barred by the statute of frauds and/or parol evidence rule.

12.     Any claimed damages are subject to setoff or credit under law and equity or on other applicable grounds, including but not limited to any recoveries by Plaintiffs by way of settlement or otherwise from any other party or entity.

13.     Defendants affirmatively assert the defense of improper service.

14.     Defendants affirmatively assert the defense of improper service of process.

15.     Plaintiffs have not sustained any actual damages.

16.     Plaintiffs are not "consumers" within the scope and application of the statutes and causes of action referenced in the Complaint.

17.     Wells Fargo as Trustee is not subject to the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA").

18.     Plaintiffs fail to allege any facts necessary to support some or all of the elements of a claim under the CSPA.

19.     Defendant Wells Fargo as Trustee is not a supplier in a consumer transaction that is or can be held liable under the CSPA.

20.     The real estate transaction which is the subject of the Complaint is outside the scope of "consumer transactions" covered by the CSPA. R.C. §§ 1345.01 *et seq.*

21.     Plaintiffs' claims under the CSPA against Wells Fargo are barred because Wells Fargo as Trustee is a "financial institution" and/or "dealer in intangibles" as defined in R.C. § 5725.01, exempt from the CSPA's scope pursuant to R.C. § 1345.01.

22.     R.C. §1345.03 expressly excludes from coverage consumer transactions in connection with a residential mortgage.

23.     Any violation of R.C. Chapter 1345 resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid the error.  R.C. §1345.11.

24.     Any communications between Plaintiffs and Defendants after the Note and Mortgage were executed constituted reasonable action to pursue a debtor and to encourage payment of a debt.

25.     Plaintiffs' claims against Wells Fargo as Trustee under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") are barred because Wells Fargo as Trustee is a creditor, not a "debt collector", under the FDCPA.

26.     Plaintiffs' claims against Nationstar under the FDCPA are barred because Nationstar is not a "debt collector" under the FDCPA.

27.    Plaintiffs fail to allege any facts necessary to support some or all of the elements of a claim under the FDCPA.

28.    If there was a violation of the FDCPA, none being admitted, it was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such errors.

29.    The Loan was not made for personal, family or household purposes and Plaintiffs are not "consumers" within the scope and application of the statutes and causes of action referenced in the Complaint.

30.    Plaintiffs' claims are barred because there were no improper charges assessed in connection with the subject Loan.

31.    A creditor of a just debt has a right to urge payment of the debt, including but not limited to threatening to resort to proper legal procedure to enforce payment.

32.    Defendants specifically assert by this reference all statutory limitations and defenses to liability and damages afforded to Defendants under the FDCPA.

33.    Plaintiffs have submitted a frivolous litigation and their claims are not supported by fact or law, pursuant to R.C. § 2323.51 and/or of the Federal Rules of Civil Procedure.

34.    Imposition of punitive damages against Defendants in the amount and under the circumstances alleged in the Complaint would violate Defendants' rights under the Ohio and United States Constitutions, including Defendants' due process rights.

35.     Defendants reserve the right to assert any and all defenses that may develop during the course of this matter, via discovery or otherwise.

Respectfully submitted,

/s/ James W. Sandy
Kevin S. Lampone (#0092884)
James W. Sandy (#0084246)
**McGlinchey Stafford**
25550 Chagrin Boulevard, Suite 406
Cleveland, OH 44122-4640
Telephone: (216) 378-9905
Fax: (216) 378-9910
klampone@mcglinchey.com
jsandy@mcglinchey.com

***Attorneys for Defendants Wells Fargo Bank, National Association, Successor by Merger to Wells Fargo Bank Minnesota, National Association F/K/A Norwest Bank Minnesota, National Association, as Trustee for Delta Funding Corporation Home Equity Loan Asset-Backed Certificates, Series 2000-2 and Nationstar Mortgage, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing *Defendants Wells Fargo as Trustee and Nationstar Mortgage, LLC's Answer to Plaintiffs' Complaint* was filed this 15th day of September, 2017.  Notice of this filing will be sent by operation of the Court's electronic filing system to the following:

Matthew M. Nee                                          Eric T. Deighton
David J. Zelenka                                        Carlisle, McNellie, Rini,
Nee Law Firm                                              Kramer & Ulrich, Co., LPA
26032 Detroit Rd., Suite 5                              24755 Chagrin Blvd., Suite 200
Westlake, OH  44145                                     Cleveland, OH  44122

*Attorney for Plaintiffs*                               *Attorney for Defendant Carlisle, McNellie,*
                                                        *Rini, Kramer and Ulrich Co., LPA*


                                                       */s/ James W. Sandy*
                                                       James W. Sandy

797087.3